

HMG/DB: USAO#2019R00861

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 19CR593-TDC |
| v. | : (False Statements, 18 U.S.C. § 1001) |
| DAVID LAUFER, | : UNDER SEAL |
| Defendant. | : |

...oOo...

## INDICTMENT

### COUNTS ONE THROUGH FIVE – FALSE STATEMENTS

The Grand Jury for the District of Maryland charges:

### INTRODUCTION

At times material to this Indictment:

1.  Defendant **DAVID LAUFER ("LAUFER")** was a resident of Bethesda, Maryland.

2.  **LAUFER** was an employee of Walter Reed National Military Medical Center ("Walter Reed"), which was the largest joint military medical center in the United States.

3.  Walter Reed was located in Bethesda, Maryland. Prior to 2011, Walter Reed was located in the District of Columbia.

4.  Walter Reed was part of the Department of Defense, which was part of the executive branch of the United States Government.

1

5. Walter Reed provided orthotic and prosthetic services to U.S. service members and their dependents, including wounded soldiers.

6. **LAUFER** worked as the Chief of the Prosthetics and Orthotics Department at Walter Reed until in or about May 2019.

    a. Persons B and C, Companies B and C

7. From at least in or about 2012 to in or about 2019, Company B provided prosthetics and orthotics materials to the Prosthetics and Orthotics Department at Walter Reed in return for payments from the government.

8. Person B lived in Montgomery County, Maryland. Person B owned, operated and controlled Company B, which was located in Germantown, Maryland.

9. Person B regularly interacted with **LAUFER** about Company B's business with Walter Reed.

10. Person C operated Company C, which was based in Baltimore County, Maryland.

    b. LAUFER's Ethics Training

11. **LAUFER** received annual training on government ethics.

12. **LAUFER**'s government sponsored ethics training warned him about:

    a) the dangers of accepting financial benefits from a prohibited source, *i.e.* a person or organization seeking to do business with the Department of Defense; and

    b) the federal conflict of interest statutes, and the prohibition on a federal government employee working on a matter affecting certain financial interests.

      c.      LAUFER's Financial Reporting

13.    **LAUFER's** government job required him to complete annual Confidential Financial Disclosure forms, OGE Form 450 and OGE Form 450-A.

14.    **LAUFER** submitted an OGE Form 450 in 2013, 2016, and 2017, and an OGE Form 450-A in 2014 and 2015.

15.    The OGE Form 450 required **LAUFER** to report the following:

(a)(1) all sources of salary, fees, commissions, and other earned income greater than $200; (a)(2) honoraria greater than $200; and (a)(3) other non-investment income such as scholarships, prizes, and gambling income greater than $200;

(b) all positions outside the U.S. Government during the reporting period, whether or not compensated and whether or not the position was currently held, including any business entity in which **LAUFER** (and his spouse) was an employee or consultant;

(c) any agreements and arrangements concerning past, current, and future employment; and

(d)(1) Travel-related reimbursements (items such as lodging, transportation, and food) totaling more than $350 from any one source during the reporting period and (d)(2) Any other gifts totaling more than $350 from any one source during the reporting period.

16.    The OGE Form 450-A required **LAUFER** to report any changes during the reporting period to the information listed on his prior OGE Form 450.

17.    The OGE Form 450s and OGE Form 450-As required **LAUFER** to "certify that the statements I have made on this form and all the attached statements are true, complete, and correct to the best of my knowledge."

## THE OFFENSES

18. On or about the dates set forth below, in the District of Maryland and elsewhere,

**DAVID LAUFER,**

the defendant herein, did willfully and knowingly make the following materially false, fictitious, and fraudulent statements and representations, which the defendant then and there knew were false, in a matter within the jurisdiction of the Department of Defense and the Department of Justice, which were branches of the Government of the United States:

| Count | Date | False Statements | Facts Known By Defendant |
|---|---|---|---|
| 1 | 1/7/2015 | **LAUFER** stated on his Confidential Financial Disclosure form, OGE-450-A, that he had (a) no reportable sources of income; (b) no reportable outside positions; (c) no reportable agreements concerning future, current, or past non-governmental employment; and (d) no reportable gifts or travel reimbursements. | **LAUFER** had received reportable financial benefits, including travel benefits, which were paid for by Person B and Company B. |
| 2 | 1/7/2016 | **LAUFER** stated on his Confidential Financial Disclosure form, OGE-450, that he had (a) no reportable sources of income; (b) no reportable outside positions; (c) no reportable agreements concerning future, current, or past non-governmental employment; and (d) no reportable gifts or travel reimbursements. | **LAUFER** had received reportable financial benefits, such as travel, which were paid for by Person B and Company B. |
| 3 | 10/26/2016 | **LAUFER** told federal agents that (a) he did not recall any occasions when he engaged in travel with Person B; (b) he had never received money, gifts, or sporting event tickets from any vendor doing business before the Prosthetics and Orthotics Department; and (c) "Nobody is getting paid off, nobody is getting anything extra." | **LAUFER** had previously received financial benefits, including travel and sporting event tickets, from Person B and Company B. |
| 4 | 2/7/2017 | **LAUFER** stated on his Confidential Financial Disclosure form, OGE-450, that he had (a) no reportable sources of income; (b) | **LAUFER** had received reportable financial benefits, including travel |

4

| | | | |
|---|---|---|---|
| | | no reportable outside positions; (c) no reportable agreements concerning future, current, or past non-governmental employment; and (d) no reportable gifts or travel reimbursements. | and sporting event tickets, from Person B and Company B. |
| 5 | 9/5/2019 | **LAUFER** told federal agents that from 2013 to 2015, he earned $10,000-$12,000 in cash doing work for Person C and Company C, and deposited the cash in his bank accounts. | **LAUFER** had not earned any income from 2013-2015 doing work for Person C and Company C. |

18 U.S.C. § 1001(a)(2)
18 U.S.C. § 2

_Robert K. Hur/hg_
ROBERT K. HUR
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**        Date: 12/16/19
Foreperson

5